NO. 07-01-0140-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



NOVEMBER 6, 2001



______________________________




JOHN DAVID HURD, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY CRIMINAL COURT AT LAW NO. 2 OF HARRIS COUNTY;



NO. 1027078; HONORABLE MICHAEL PETERS, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND


 Appellant John David Hurd was convicted of the misdemeanor offense of driving
while intoxicated and sentenced to 21 days confinement in the Harris County jail and a fine
of $2,000. Timely notice of appeal was given. However, we have received no brief from
appellant in this matter. 

 We notified appellant by letter dated July 24, 2001, that his brief should have been
filed no later than June 21, 2001, but we had received no such brief or motion for extension
of time to file one. We warned appellant that if no satisfactory response was received by
August 3, 2001, we would abate the appeal to the trial court. In response, appellant filed
a motion for extension of time on August 9, 2001, requesting until September 22, 2001, to
file his brief. We granted the motion giving appellant until Friday, September 21, 2001,
with a warning that because of the length of the extension granted, the court would expect
the brief to be filed on that date. As of this time, we have once again received neither a
brief nor a motion for extension of time within which to file one. This state of affairs
requires us to abate this appeal to the trial court for a hearing as provided by Texas Rule
of Appellate Procedure 38.8(b)(2). Accordingly, this appeal is abated and the cause
remanded to County Criminal Court at Law No. 2 of Harris County. 

 Upon remand, the judge of the trial court shall immediately cause notice to be given
and conduct a hearing to determine:

 1. Whether appellant has abandoned his appeal.


 2. If appellant has not abandoned his appeal, whether his present appellate
attorney will diligently pursue the appeal and what steps, if any, should be
taken to ensure that diligence.


 3. If it be determined that the present attorney will not diligently pursue the
appeal, whether appellant is presently indigent, and if so, whether other
counsel should be appointed to represent him. 


 4. If it be determined that another attorney should be appointed, the name,
address, and State Bar of Texas identification number of the attorney
appointed.


 5. If appellant is not indigent and the present attorney will not diligently
pursue the appeal, what steps need to be taken to ensure that appellant will
promptly obtain the services of another attorney to pursue the appeal.


 6. Whether appellant has been deprived of a diligent appeal by ineffective
assistance of counsel or for any other reason.


 7. If any other orders are necessary to ensure the proper and timely pursuit
of appellant's appeal.


 In support of its determinations, the trial court shall prepare and file written findings
of fact and conclusions of law and cause them to be included in a supplemental clerk's
record. The hearing proceedings shall be transcribed and included in a supplemental
reporter's record. The supplemental clerk's and reporter's records shall be submitted to
the clerk of this court no later than December 6, 2001. 

 It is so ordered.

 Per Curiam

Do not publish.



nclude an abuse of discretion occurred. Issue one is overruled. Because the
violation that appellant failed to report by mail as directed is a sufficient ground to support
the revocation order, we need not address appellant's second issue by which he alleges
abuse of discretion in finding he failed to pay for, attend, and complete the domestic
violence course and anger counseling. Moore, 605 S.W.2d at 926. 

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice

 

Do not publish.